UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 21-10156-GAO

UNITED STATES OF AMERICA,
Plaintiff,

v.

5 REAL PROPERTIES and 40 ACCOUNTS AND INVESTMENTS
Defendants.

OPINION AND ORDER
May 13, 2024

O'TOOLE, D.J.

   Faith Newton was indicted by a federal grand jury for conspiracy to commit health care fraud, aiding and abetting health care fraud, false statements, false statements in a health care matter, money laundering conspiracy, and money laundering. The government then brought this in-rem action seeking civil forfeiture of five real properties and forty financial accounts and investments (the "Defendant Properties") held in the name of Newton, her business entities or trusts, and her family members.[1] The government alleges that the identified Defendant Properties are either directly involved in or are the proceeds of the charged offenses. This Court has previously found probable cause to believe that the Defendant Properties are subject to civil forfeiture.

---

[1] Newton, Benjamin N. Muiruri (Newton's husband), Andrea Njorogeh (Newton's child), Marcus Njorogeh (Newton's child), Arbor Homecare Services LLC, Golden Living Homecare Inc., and Careplus Medical Transport LLC, are all interested parties to the present action because they have filed claims to certain of the Defendant Properties.

Newton has moved for an evidentiary hearing to release restrained funds to hire counsel of her choice.[2] She has the burden to prove she does not have access to funds to hire counsel of her choice. See United States v. Bokhari, No. CR 14-30044-MGM, 2015 WL 7303535, at *1 (D. Mass. Nov. 19, 2015) ("While the First Circuit has not addressed this issue, numerous other circuit courts of appeals have required a defendant seeking a[n] [evidentiary] hearing to make a threshold showing of financial need."); see also United States v. Bonventre, 720 F.3d 126, 131 (2d Cir. 2013) ("[W]e hold that all a defendant need do to trigger a[n] [evidentiary] hearing is to demonstrate that he or she does not have sufficient alternative assets to fund counsel of choice. This requires more than a mere recitation; the defendant must make a sufficient evidentiary showing that there are no sufficient alternative, unrestrained assets to fund counsel of choice."). Once a threshold showing of insufficient funds is made, Newton must prove the fact and extent of her financial need by preponderance of the evidence. See Bokhari, 2015 WL 7303535 at *6.

Newton has submitted a summary and limited affidavit that does not meet either step of this demanding standard.[3] Specifically, Newton's bare-bones affidavit does not refute the government's contention that it appears likely that Newton in fact has access to specific assets held by either family members or entities she legally controls. For example, four months ago, on January 3, 2024, Newton received possession of two bank checks totaling $191,387 issued in the names of entities that other evidence indicates she controls, Golden Living HomeCare Inc. and Medical Community Services Inc. These funds originated from accounts that appear to be

---

[2] Newton is set to stand trial on the criminal charges before Judge Burroughs starting July 8, 2024.
[3] Newton falls short of the threshold evidentiary standard because of the generality of her affidavit and far short of the preponderance of the evidence standard that applies on the merits of her argument. An additional hearing would be unnecessary and unhelpful.

controlled by Newton[4] and were issued to entities shown by records of the Massachusetts Secretary of State to be solely controlled by Newton. There does not appear to be a reason why Newton would not have access to these funds, especially given that the checks were issued fewer than six months ago.[5] Importantly, Newton has not proffered a plausible reason why she does not in fact have access to these funds.

Newton also does not account for nearly one million dollars in funds controlled by Newton and/or her family that the government has not restrained. Exhibit 2 of the Affidavit of Special Agent Elizabeth Keating lists eight domestic bank accounts that contained nearly one million dollars as of February 1, 2021, which were not subsequently closed by Newton or her family members. Like the two bank checks, there does not seem to be a reason why Newton would not have access—direct or indirect—to these funds. Newton has not offered a reason that demonstrates why she does not have access to these funds.

No evidence has been presented that Newton and Muiruri are no longer married or that there has been a breakdown of the relationships such that Muiruri's assets or their children's assets should not be regarded as accessible to Newton.[6] The government also theorizes that Newton and/or Muiruri could be receiving rental income from two properties owned by them because a review of public records shows that individuals appear to be living in those properties. Newton does not address any potential rental income.

---

[4] Paragraphs 6–11 of the Second Affidavit of Special Agent Elizabeth Keating details the progression of these checks and how they originated from accounts controlled by Newton.

[5] Bank checks are typically valid for six months, which means that the January 3, 2024, checks are still valid. U.C.C. § 4-404 ("A bank is under no obligation to a customer having a checking account to pay a check, other than a certified check, which is presented more than six months after its date.").

[6] For example, it appears that the government has not acted to restrain nearly $100,000 in cryptocurrency and stock purchases made by Muiruri in 2021 and 2022.

The burden is on Newton to prove she does not have access to unrestrained funds to hire counsel of her choice. Newton has failed to account for upwards of one million dollars of unrestrained funds accessible to her as well as the unrestrained funds of her husband and children and their owned entities. In sum, Newton has not offered evidence that reliably establishes that she does not in fact have direct or indirect access to funds to hire counsel of her choice.

Based on the foregoing, Newton's Motion for a Hearing and Motion for Release of Funds to Hire Counsel (dkt. no. 58) is DENIED.

It is SO ORDERED.

/s/ George A. O'Toole, Jr.
United States District Judge